IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM SELTZER, JR., :
:
    Petitioner. :
:
vs. : CIVIL ACTION 13-0086-KD-M
:
NOAH OLIVER, :
:
    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Seltzer was convicted of possession of precursor chemicals in the Circuit Court of Mobile County on August 14, 2012 for which he received a sentence of fifteen years in the state penitentiary; the sentence was suspended pending three years of

1

probation (Doc. 1, p. 2; Doc. 8, Exhibit D, p. p. 4). Appeal was made to the Court of Criminal Appeals of Alabama which dismissed the appeal for failure to comply with the Court's orders (Doc. 1, p. 3; Doc. 8, Exhibit C).

Petitioner filed a complaint with this Court on February 21, 2013, raising the following claims: (1) His conviction was obtained by use of a coerced confession; (2) he was denied the effective assistance of counsel; (3) he was denied his right to appeal (Doc. 1, pp. 7-8).

In answering Seltzer's petition, Respondent asserts that Petitioner has procedurally defaulted on the claims raised in this Court. It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so

that they never had the opportunity to address the claim.

The exhibits provided by Respondent do not demonstrate that the claims raised in this Court are the same claims raised on appeal in the State court (*see* Doc. 8 exhibits). However, because Seltzer's appeal was dismissed by the Alabama Court of Criminal Appeals for failing to obey that Court's orders (Doc. 8, Exhibit C), it is as though the claims were never raised. The Court finds that Seltzer's claims are procedurally defaulted under *Teague*.[1]

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom,

---

[1] This Court notes that this finding only pertains to the first two claims as Seltzer would not have raised, on appeal, the claim that he was denied the right to appeal. The Court will address the merit of Petitioner's third claim within this report and recommendation.

3

> however, a federal court can review his
> claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these two claims in a timely manner in the State courts. Furthermore, Seltzer has not shown that this Court's failure to discuss the merit of these two claims will result in a fundamental miscarriage of justice being visited upon him (Doc. 12).[2] Therefore, the Court considers the first two claims in this Court to be procedurally defaulted and the Court will not address their merit.

Petitioner's third claim is that he was denied his right to appeal. As noted previously, the Alabama Court of Criminal Appeals dismissed Seltzer's appeal because he failed to comply with the Court's orders (Doc. 8, Exhibit C). This claim is of

---

[2] The Court instructed Petitioner to address Respondent's assertion that his claims were not exhausted, but did not specifically order him to address their procedural default (*see* Doc. 9, 11). Seltzer has, nevertheless, had the opportunity to address the Government's claim (Doc. 12).

4

no merit.

Petitioner has brought three claims in filing this action. Two of those claims are procedurally defaulted; the third has no merit. Therefore, it is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Noah Oliver and against Petitioner William Seltzer, Jr.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

5

*McDaniel*, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

As Seltzer has procedurally defaulted on two of the claims raised in his petition, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition as to those two claims or that Seltzer should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As for Seltzer's third claim, inasmuch as the Court has found that Petitioner has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is

6

suggested that Seltzer will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates

by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of August, 2013.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE